## George P. Bent, Plaintiff in Error, v. Emma Furnald, Defendant in Error.

### Gen. No. 15,214.

1. SALES—*when purchaser entitled to rescind.* A sale represented by a written contract which provides that the vendor shall not be bound by any agreement, terms or condition other than those contained therein, may be rescinded if the sale is effected and induced through the false representations of the vendor as to matters of fact.

2. MUNICIPAL COURT—*when instructions cannot be complained of.* Instructions given by a judge of the Municipal Court, if not objected to before the jury retires, cannot thereafter be complained of.

Error to the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed February 3, 1911.

**Statement by the Court.** Plaintiff in error, a piano manufacturer in Chicago, brought suit in the Municipal Court to recover upon a contract for the sale of a piano, upon which $30 had been paid toward the purchase price of $350. Defendant in error claimed that the piano was represented to and purchased by her as a new piano, instead of a second-hand one, as it appears to be, and she, therefore, claimed the right to rescind the sale, and recover back the money which she had paid.

The written contract between the parties expressly recites that plaintiff in error was not to be bound by any agreement, promise or condition, other than those contained in it. It identified the piano purchased, by style and number, which it was agreed should be paid for in monthly installments of $10 (after the first payment of $25), until the whole purchase price, with interest at 6%, was paid, and title was to remain in the vendor until payment of the entire amount.

At the trial below defendant in error was allowed (over objection) to introduce evidence tending to show

that, when she went to purchase a piano, the representative of plaintiff in error informed her that the piano in question was a new one, and that she supposed she was getting a new one, and would not have purchased the piano except in that belief. It was conceded by plaintiff in error that the piano had been slightly used, and was in fact second-hand, and plaintiff in error contended that his representative so informed defendant in error at the time she was inspecting it, which was a day or two prior to the date of the contract.

Plaintiff in error contends here that the parties were bound by the written contract, and that evidence as to representations, claimed to have been made a day or two previously, was inadmissible. He also attacks the instructions given by the judge below, as being conflicting, and as not correctly stating the law.

GARDNER, STERN & ANDERSON, for plaintiff in error.

MAURICE C. LANGE, for defendant in error.

MR. JUSTICE BALDWIN delivered the opinion of the court.

The written contract between the parties was apparently prepared by plaintiff in error, and was evidently intended to prevent the purchaser from setting up any claim in opposition to its express terms. It is strongly urged that, in admitting testimony about any preliminary conversation or bargaining, the court violated the long established rule that parol testimony cannot be admitted in evidence to vary the terms of a written contract. Plaintiff in error also contends that, even if evidence upon that point were admissible, yet, by its strong preponderance in favor of the plaintiff in error it shows there was no imposition or fraud practiced.

The important question to be decided is whether the

evidence is admissible. If not, then clearly the judgment was wrong. Would plaintiff have bought the piano at all, except that it was represented to her as a new one, and her reliance upon that representation? According to the testimony, she would not. While she was allowed to inspect it, it is improbable that she could have told by a most careful inspection whether or not it was new. The newness or age of an article may be a very important factor in its sale, entirely aside from its actual value for service. Whether an article be new or second-hand as a matter of sentiment alone, and entirely apart from its intrinsic value, may absolutely determine the question as to whether the proposed purchaser would wish it at any price.

The general rule is, of course, that parol testimony is not admissible to vary the terms of a written instrument; but where, as in this case, it is charged that the representations it made, establish fraud, it is otherwise. Therefore, in this case, we think that evidence tending to establish a fraudulent representation that the piano was new, when in fact it was second-hand, is admissible, notwithstanding the written contract, and if such representations were made, they would entitle the purchaser to rescind. Williston on Sales, sec. 215.

If the instructions complained of were conflicting and erroneous, objection should have been made at the time and before the jury retired, in order to give the judge an opportunity to correct them, if he so desired. It is too late to urge their correctness here.

As to the letters of defendant in error, written to plaintiff in error after the date of the contract, which were admitted in evidence over objection, they are essentially cumulative, and we do not think their admission constituted reversible error.

*Affirmed.*